CAROL A. FOUGHTY *v.* DOROTHY DOWNS

5-5747 475 S.W. 2d 692

Opinion delivered February 7, 1972

*Floyd J. Lofton,* for appellant.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellee.

J. FRED JONES, Justice. The plaintiff-appellant Carol A. Foughty filed suit in the Pulaski County Circuit Court against the defendant-appellee Dorothy Downs for personal injuries and property damage growing out

of an intersection collision at Markham and Spring Streets adjacent to the Pulaski County Court House in Little Rock. The jury question at the trial turned on whether the appellant or the appellee violated the traffic control signal light at the intersection, and the jury returned its verdict for the appellee Downs.

After the verdict was returned and judgment rendered thereon, the appellant filed a motion for a new trial based on the allegation that while the trial was in recess for lunch, one of the petit jurors visited the scene of the accident and conveyed back to the other jurors certain information obtained from observation of the traffic light at the intersection. A hearing was had on the motion at which time Mrs. Inez Mercer, one of the petit jurors, testified that when the jury retired to consider its verdict, one of the jurors stated that during the noon recess he went downstairs and looked at the scene of the collision and stated to the other members of the jury that the lady must have seen the directional arrow and not the red light. She testified that the other members of the jury commented on the remark.

The trial court denied the motion for a new trial and on appeal to this court the appellant relies on the following points for reversal:

"The court erred in refusing to grant appellant a new trial based upon the fact that one of the petit jurors viewed the scene of the accident without the permission of the parties and without being supervised by the Court.

That said extra-judicial evidence was prejudicial to the appellant and she is entitled to a new trial."

The appellant argues that she was prejudiced in her cause of action by the extra evidence going to the jury through one of its members as above set out. The appellee argues that the appellant failed to show any prejudice by the one juror's observation of a situation so close to the court house that none of the jurors were likely to be unfamiliar with the traffic light at its particular location. The appellee also argues that it was

within the sound discretion of the trial court to deny a motion for a new trial and that the trial court did not err in the abuse of its discretion in this case.

We agree with the appellee that the trial court did not err in denying the appellant's motion for a new trial, but for the better reason set out in Ark. Stat. Ann. § 43-2204 (Repl. 1964), which is as follows:

"A juror cannot be examined to establish a ground for a new trial; except it be to establish, as a ground for a new trial, that the verdict was made by lot."

Although this section is compiled under the title of criminal procedure, it applies to civil cases as pointed out in *Scott* v. *Shairrick,* 225 Ark. 59, 279 S. W. 2d 39, and the cases cited therein at page 67 of the Arkansas Report.

The judgment is affirmed.

FOGLEMAN, J., not participating.